Johnson, J.
The fact of negligence is, I think, very satisfactorily made out; and the counsel for the motion has rested it mainly on the ground that the damages are for the whole amount of the execution against Gayle.
In the case of Futch v Walker, 1 Bail. 98, which was an action against the sheriff for negligence, Mr. Justice Nott, who delivered the opinion of the Court, says that the jury were at liberty to give the full amount of the verdict against the plaintiff’s debtor, for a violation of the public trust reposed in him, without regard to the value of the debtor’s property. The principle of that case applies here in all its force, and this case receives additional strength from the circumstance that Gayle’s property was abundantly sufficient to pay this debt, and, with due diligence, might probably have been taken in execution.
Abuses and negligences in the sheriffs’ offices, are the subject of general, and, I believe, of well founded complaint; and it is not a matter of surprise that the jury should have used this occasion to manifest their disapprobation of such conduct, by finding against the defendant the whole amount of the plaintiff’s demand against Gayle, and it is, perhaps, a fit case for such an example.
O’Neall, and Harpet, Js. concurred.